## McMahon *v.* The Portsmouth Mutual Fire Insurance Company.

A party asking insurance in a company whose by-laws require that any other insurance upon the property should be assented to by them, and limit their liability to a ratable share of any loss, in proportion to the whole amount insured, is not bound to give any details relating to such insurance, unless specially required by the by-laws.

If such party represent the property to be insured in a particular way, and the company insure upon such representation, he will not be permitted to show that the fact is otherwise.

THE facts in this case sufficiently appear in the opinion of the Court, delivered by

BELL, J. By the case it appears, that there were three policies upon the property insured. The policy in suit for $4,000, one in the State Mutual, of a previous date, for $4,000, and one in the Charlestown Mutual company for $2,000, issued subsequently; in the whole $10,000.

By the fifteenth article of the by-laws of the defendant company, which is annexed and referred to in their policy, and makes a part of it, it is provided, that "in case of any other insurance existing on said property with the assent of the direct-

ors, this company shall be liable to pay only such proportion of the loss or damage sustained, as the sum insured by this company bears to the whole amount insured thereon."

The case finds, that the damages, for which this action is brought, amount to $1,810.28. The defendants, by the terms of their by-law, and of course by the effect of their policy, are liable for four tenths of this sum, if they are liable at all, that is, for $724.11.

But the defendants suggest, that they are not liable to any amount or for any sum, because,

1. The property is valued at $8,000 in the application to the State Mutual Company, and at $16,000 in the application to them.

2. Because the plaintiff represented to the defendants, in his application, that he was insured in the State Mutual in $4,000 on the same property, whereas the back buildings are insured by the defendants, and not by the State Mutual Company.

3. Because the defendants insured more property than the State company, though represented to be the same.

4. Because the insurance of the State Mutual was upon the property in sections, $1,000 on each store, while the defendants insured the whole in one parcel.

5. Because the plaintiff's representations misled the defendants in the above particulars, and, therefore, avoid the policy.

The defendants, when considering the application of the plaintiff for insurance, were interested to know whether any other insurance existed upon the property, and to what amount; because it had a material bearing upon the responsibilities they were about to assume.

The terms on which that assurance was made, the representations made as to the property, or the estimate of its value, the rate of insurance, or any other of the stipulations between the parties, were in nowise material to them. They had no right to inquire about them. If the property offered for insurance was already insured, that they had made material by the terms of their policy, and, therefore, any material misrepresentation made by the insured, as to that fact, would avoid the policy. But the first reason assigned, why the policy should not bind the

defendants, is without force, since, independently of fraud, which is not suggested, the amount of the estimate of value is wholly immaterial to them.

The second reason assigned is, that the application represents the property proposed to be insured, to be already insured by the State Mutual Company in the sum of $4,000, while the defendants allege, that the latter policy covered but a part of the property insured by defendants, the application to the defendants describing the property, as " a building improved for dwellings and stores, *including the back buildings*," while the application to the State Mutual Company describes the property as " my four dwelling-houses and stores, four in a block, $1,000 on each."

The Court are asked to give a construction to the word "*back-buildings*," such as will make the policy cover other property, not included in the policy of the State Company. If that is the necessary meaning of the language, it is of course to be given without hesitation, but if the words used may or may not have that import, according to circumstances, they will not give them that effect, unless circumstances are shown which demonstrate its propriety. None such are stated in the case, nor is there any thing which shows that the plaintiffs had there any back buildings, except such as compose part of "*the block*," on which insurance was asked, while the policy of the Portsmouth Company itself seems to show their understanding of this matter, because it covers "his building" situated, &c., and nothing more. Upon the papers and facts before us in this case, there is no foundation for this objection.

The other objection is, that the defendants are not bound, because the plaintiff's representation was, that the property proposed to be insured in one parcel, was already insured in the State Company for $4,000, without specifying that it was so insured in four parts or sections. Now if the manner of stating the insurance materially affects the risk, so as to operate as a fraud on the defendants, they are to be discharged. But if the risk is not affected, they are to bear the loss. We are obliged to presume that the defendants are well aware of the different

2 *

modes of insuring property in blocks; and we do not perceive why, if they deemed the point material, it should not have been made the subject of inquiry. If it is a fact material to the risk that may be shown; but we find ourselves authorized by no rule to infer fraud without proof; and, unless furnished with other evidence than is found in this case, we think we cannot hold this to be either such a false allegation, or such a suppression of the truth, as to impair this policy.

Both the last objections are open to the further answer, that it is entirely unimportant to either of the parties, whether the policy of the State Mutual Company covers other property or not, or whether the property is insured entire or in parts; because, as to both, the insured is estopped by his representation, and by the terms of the policy, to assert, that the specific property insured by the defendants is not insured to the amount and in the manner he has represented it to be, and as between these parties, the fact is to be taken to be as it is represented. It is of course entirely immaterial whether the fact is so or not; and it is a point not open to inquiry, unless it be for the purpose of showing some fraud in fact, which is not here attempted.

*Judgment for the plaintiff.*